```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            WESTERN DIVISION


Anna P. Grant,                  )
                                )
            Plaintiff,          )    Case No. 1:04-CV-798
                                )
      vs.                       )
                                )
Montgomery County Job and       )
 Family Services, et al.,       )
                                )
            Defendants.         )
```

Memorandum and Order

Plaintiff Grant asserts claims under state and federal law against a number of governmental entities.  In addition to her claims for damages, she asserts a claim for a declaration that the governmental defendants are not entitled to immunity with respect to her state law claim because Ohio Revised Code ("O.R.C.") §§ 2744.01, *et seq.*, are unconstitutional.  This matter is now before the Court upon the motion of two of the Defendants, the Montgomery County MRDD and the Hamilton County MRDD, to dismiss Plaintiff's claim for declaratory relief with respect to the constitutionality of O.R.C. §§ 2744.01, *et seq*.  The movants contend that Plaintiff has failed to state a claim upon which declaratory relief may be granted.  See Fed.R.Civ.P. 12(b)(6).

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  See Mayer v. Mylod, 988 F.2d 635, 638 (6th

Cir. 1993)(citing Nishiyama v. Dickson County, 814 F.2d 277, 279 (6th Cir. 1987)).  To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  See Scheuer v. Rhodes, 416 U.S. 232 (1974); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted).  The test for dismissal under Rule 12(b)(6), however, is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hartford Fire Insurance Co. v. California, 509 U.S. 764, 811 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir. 1996).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless no law supports the claim made, the facts alleged are insufficient to state a claim, or an insurmountable bar appears on the face of the complaint.

  Plaintiff supports her motion not by arguing in detail that Ohio's political subdivision immunity statutes violate any particular provision of the United States or the Ohio

Constitution, but by citing three decisions in which, she contends, those statutes have been held to be unconstitutional. The Court finds no support for her claim apart from those three decisions and, therefore, confines its analysis to an examination of the decisions she cites.

In one of the three decisions upon which Plaintiff bases her claim that the Ohio political subdivision immunity statutes are unconstitutional, the Ohio Supreme Court expressly declined to consider the question.  See Estate of Ridley v. Hamilton County MRDD, 102 Ohio St.3d 230, 236 (2004). Accordingly, that decision provides no support for Plaintiff's present claim that the Ohio statutes are unconstitutional.

The second decision upon which Plaintiff relies also emanates from the Ohio Supreme Court.  See Butler v. Jordan, 92 Ohio St.3d 354 (2001).  In Butler, a plurality of the seven justices held that Ohio statutory law did not impose liability, as contemplated by the Ohio political subdivision immunity statutes, for failure to inspect, or negligence in the inspection of, certain day-care facilities.  See id. at syllabus.  Three of the justices who joined in that holding suggested in *dicta* that the political subdivision immunity statutes may violate certain provisions of the Ohio Constitution.  See id. at 370-74.  They expressly reserved the issue for another day, however, and the other justices who concurred in the judgment and the syllabus did not concur in the *dicta*.  See id. at 374-75.  Indeed, Justice Cook, joined by Justice Lundberg Stratton, concurred in the

judgment and wrote separately to clarify that the issue of the constitutionality of O.R.C. chapter 2744 was not before the Court and that the plurality decision's comments were mere *dicta* and did not enjoy the support of a majority of the justices. See id. at 375.

Any reliance upon the *dicta* in the plurality decision is clearly misplaced. Lower courts have refused to give controlling weight to the Butler plurality's *dicta* as "not yet command[ing] a majority on the Ohio Supreme Court." Bundy v. Five Rivers Metroparks, 152 Ohio App.3d 426, 436 (Montgomery Cty. 2003). See also, e.g., Thompson v. Bagley, No. 11-04-12, 2005 WL 940872, *4 (Paulding Cty. April 25, 2005). This Court is equally convinced that the Butler plurality opinion is entitled to no deference whatsoever as both *dicta* and the expression of only a minority of the justices.

Another judge of this Court thought otherwise and relied upon the Butler plurality opinion as a statement of the Ohio Supreme Court's likely position were the issue properly before it. See Kammeyer v. Sharonville, 311 F.Supp.2d 653, 662 (S.D. Ohio 2003). The Kammeyer decision is the third of the three upon which Plaintiff bases her claim for declaratory relief in this matter.

Like its sister, this Court believes the Kammeyer court was in error. See Armstrong v. U.S. Bank, No. C-1-02-701, 2005 WL 1705023, *9, n.7 (July 20, 2005)(Dlott, J.). The lower Ohio

4

courts have concluded likewise.  See <u>Nagel v. Horner</u>, No. 04CA2975, 2005 WL 1649114 (Scioto Cty. Ct. App July 11, 2005).

Finding no controlling authority or persuasive support for the contention that O.R.C. §§ 2744.01, *et seq.*, violate either the Ohio or the United States Constitution, the Court hereby **GRANTS** the motion of Defendants Montgomery County MRDD and Hamilton County MRDD to dismiss Plaintiff's claim for declaratory judgment (Doc. 53).  This action will proceed on Plaintiff's claim for negligence *per se* under Ohio law and her claim, pursuant to 42 U.S.C. § 1983, that Defendants deprived her of due process and equal protection in violation of the Fourteenth Amendment to the United States Constitution.

**IT IS SO ORDERED.**

                                        /s/
                            Sandra S. Beckwith, Chief Judge
                            United States District Court